# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA**

**v.**                                                            CRIMINAL CASE NO. 3:12-CR-1
                                                                  (GROH)
**GIRARD ELDRIDGE CURRY,**

       Defendant.

## PRETRIAL CONFERENCE ORDER

On May 7, 2012, the parties in the above-styled criminal case appeared before the Court for a Pretrial Conference. The Government was present by Assistant United States Attorney Paul T. Camilletti. The Defendant, Girard Eldridge Curry, was present in person and by Assistant Federal Public Defender Nicholas J. Compton.

As an initial matter, the Court inquired as to whether there were any stipulations or agreements or any motions for a bill of particulars or discovery. Counsel answered in the negative. The Court then asked whether Jencks Act material had been provided. Counsel for the Government indicated that he had provided the Jencks material, and had disclosed all **Brady** material, as well.

Thereupon, the Court proceeded to consider the Government's Notice of 404(b) Evidence [Doc. 61], the Defendant's Motion *in Limine* to Exclude Evidence of Prior Crimes, Wrongs, or Other Acts [Doc. 75], and the Government's Response in Opposition to the Defendant's Motion *in Limine* [Doc. 76]. The Court heard oral argument from both parties on the issue.

At the hearing, the Government sought to introduce evidence of three (3) separate

incidents. In the first incident, it is alleged that on November 11, 2008, Witness # 17 complained that he was the victim of Identity Theft. It is further alleged that on November 29, 2008, the Defendant was driving a vehicle subject to a radar stop in Baltimore County, Maryland. The center console of the vehicle contained a Chase Master Card issued to Witness # 17, as well as a Department of the Army civilian identification card for Aberdeen Proving Ground bearing the name of Witness # 17, yet bearing a photograph of the Defendant. It is alleged that further inquiry revealed that Witness # 17 was not an employee of Aberdeen Proving Ground, but the Defendant was employed at Aberdeen Proving Ground as a civilian contractor.

In the second incident, it is alleged that on March 1, 2002, an employee of Gordon Jewelers in Baltimore County, Maryland, reported a credit card misuse in progress. Officers reportedly responded and discovered the Defendant in possession of five fraudulent credit cards and a fraudulent New York State drivers license bearing a photograph of the Defendant. The Defendant was allegedly taken into custody and admitted to possessing the fraudulent items.

In the third incident, it is alleged that Witness # 22 advised that she was the victim of fraud conducted by the Defendant and his co-defendant in the instant case. The co-defendant, Derran Hankins, allegedly gained Witness # 22's confidence and they engaged in what Witness # 22 believed to be a business deal. Witness # 22 reportedly opened a bank account and Hankins deposited a $75,000.00 check. Witness # 22 then drew checks upon that account leaving a negative balance. The original check was allegedly stolen. When Witness # 22 reportedly complained to Hankins about the overdrafts, Hankins introduced Witness # 22 to the Defendant, who "explained the situation to her."

The Defendant argues that such evidence is both irrelevant and unduly prejudicial.

FRE 404(b) provides, in pertinent part, that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

The Fourth Circuit applies a four-prong test to determine the admissibility of evidence under Rule 404(b):

> [E]vidence or prior acts becomes admissible under Rules 404(b) and 403 if it meets the following criteria: (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant.  In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes.  (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense.  (3) The evidence must be reliable.  And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997).

The Court concludes that all of these factors have been met with regard to the evidence sought to be introduced by the Government in the instant case. Evidence of each of the three incidents alleged by the Government is relevant to show intent, preparation, plan, knowledge, and absence of mistake or accident.  The evidence sought to be introduced by the Government is substantially similar factually to the allegations in the instant case, as it involves the use of the same type of false identification card in prior cases as is alleged to have been used by the Defendant in the instant case. The evidence

3

is probative and it is reliable.  Finally, the evidence's probative value is not substantially outweighed by confusion or unfair prejudice.  Therefore, the Defendant's Motion *in Limine* to Exclude Evidence of Prior Crimes, Wrongs, or Other Acts was accordingly **DENIED**.

Finally, the Court inquired as to the expected length of the trial.  The parties estimated that the trial should take approximately two days.  Jury selection is set to commence on May 15, 2012, at 9:00 a.m.

There being no further business, the Court adjourned the matter.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** May 17, 2012

GINA M. GROH
UNITED STATES DISTRICT JUDGE